**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **GEORGE MAROUNTAS**<br>19877 Beth Page Court<br>Ashburn, VA  20147<br><br>    Plaintiff,<br><br>v.<br><br>**BAE SYSTEMS SHARED<br>SERVICES, INC.**<br>2941 Fairview Park Drive, Suite 2000<br>Falls Church, VA  22042<br><br>    and<br><br>**KARA HENNIGAN**<br>9813 Chessmans Court<br>Fredericksburg, VA  22407<br><br>    Defendants. | Case No. 1:25-cv-002048 |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant BAE Systems Shared Services, Inc. ("BAE"), a defendant in a civil action brought by Plaintiff George Marountas now presently pending as Case No. CL25004348-00 in the Circuit Court for Arlington County, Virginia, by counsel, hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that the parties to this action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  In support of its Notice of Removal, BAE states as follows:

1.      On September 29, 2025, Mr. Marountas filed a complaint against BAE and defendant Kara Hennigan in the Circuit Court of Arlington County, Virginia, styled and captioned

as *George Marountas v. BAE Systems Shared Services, Inc. and Kara Hennigan*, and assigned Case Number CL25004348-00 (the "State Court Case").

2.  On October 10, 2025, Ms. Hennigan was served with a summons and a copy of the Complaint by process server (where service was effectuated through posting the documents on the door of Ms. Hennigan's home).  BAE was never formally served with the Complaint, but undersigned counsel agreed to accept service for BAE via electronic mail, and Plaintiff's counsel thereafter emailed the summons and Complaint to undersigned counsel on November 6, 2025.

3.  On October 31, 2025, Ms. Hennigan filed a Demurrer as to all three claims asserted against her in the State Court Case.

4.  Prior to the filing of this Notice, BAE copied the entire court file for the State Court Case as of November 13, 2025, which is attached hereto as Exhibit 1.  The court file consists of: (1) a civil cover sheet and cover letter from Plaintiff's counsel, (2) the Complaint, (3) a Notice of Appearance filed by counsel for Ms. Hennigan, and (4) three copies of the Demurrer filed by Ms. Hennigan.

5.  Attached hereto as Exhibit 2 are the summons that was served on Ms. Hennigan with a copy of the Complaint and the summons that was issued as to BAE but never formally served.  Attached as Exhibit 3 is the email exchange in which undersigned counsel agreed to accept service on behalf of BAE.

6.  Plaintiff is a former employee of defendant BAE, and Ms. Hennigan served as Plaintiff's interim supervisor while his regular manager was on leave in the summer of 2024.  *See* Complaint ¶¶ 10, 39-43.  In the Complaint, Plaintiff alleges two counts against both BAE and Ms. Hennigan, under the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900 *et seq.*  Count I alleges that both defendants discriminated against Plaintiff on the basis of his sex, and Count II alleges

that both defendants retaliated against Plaintiff for raising a complaint of sex discrimination. *Id.* ¶¶ 54-71. Count III is brought against Ms. Hennigan only and alleges that Ms. Hennigan tortiously interfered with the business expectancy between Plaintiff and BAE when she administered the performance improvement plan ("PIP") on which Plaintiff's regular supervisor had placed him prior to her leave, and then terminated his employment prior to the conclusion of the PIP period. *Id.* ¶¶ 72-81. Plaintiff requests judgment "in an amount of NINE HUNDRED FIFTY THOUSAND DOLLARS ($950,000.00), plus costs." *Id.*, at p. 12.

7. Pursuant to 28 U.S.C. § 1332(a), the Federal District Court has original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. According to the Complaint, Plaintiff is a resident of Virginia. *See* Compl. ¶ 1.

9. Plaintiff alleges – correctly – that BAE is a Delaware corporation with its principal place of business in North Carolina. *See* Compl. ¶ 2. Therefore, for purposes of diversity jurisdiction, BAE is deemed a citizen of both Delaware and North Carolina. 28 U.S.C. § 1332(c)(1).

10. Complete diversity exists between the Plaintiff and BAE, and the amount in controversy exceeds $75,000.

11. Ms. Hennigan is an individual who resides in Virginia. Compl. ¶ 3. On the face of the Complaint, therefore, there is no complete diversity as to all parties because both Plaintiff and Ms. Hennigan are residents of Virginia.

12. However, the Fourth Circuit has adopted an exception to complete diversity known as the doctrine of fraudulent joinder. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

This doctrine prevents a plaintiff from adding a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction.

13. In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Id.* at 464.

14. In this case, there is no possibility that Plaintiff will be able to establish a valid cause of action against Ms. Hennigan. *See* Memorandum in Support of Court's Diversity Jurisdiction Under the Doctrine of Fraudulent Joinder, filed concurrently herewith. Accordingly, under the doctrine of fraudulent joinder, the Court should disregard the citizenship of Ms. Hennigan for the purposes of evaluating its initial jurisdiction and then dismiss Ms. Hennigan as a party so as to retain its jurisdiction over the matter. *Id.* at 461.

15. Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Case may be removed to Federal District Court in Virginia because the federal courts have jurisdiction over this claim under 28 U.S.C. § 1332 and BAE is not a citizen of the Commonwealth of Virginia.

16. Under 28 U.S.C. § 1446 (a), (b) and (d), the State Court Case may be removed to the United States District Court for the Eastern District of Virginia, Alexandria Division, which is the Federal District Court that embraces Arlington County within its jurisdiction. Concurrent with the filing of this Notice of Removal, written notice thereof will be given to the parties, a true and correct copy of which has been filed with the Court. A true and correct copy of the Notice being filed with the Clerk of Circuit Court of Arlington County is attached as Exhibit 4.

4

17. This Notice of Removal is timely because it is being filed within the statutorily allowed thirty (30) day period after the date BAE received a copy of the Complaint through its undersigned counsel's acceptance of service via email. *See* 28 U.S.C. § 1446(b).

18. Pursuant to 28 U.S.C. § 1446(b)(2)(C), Ms. Hennigan consents to this Notice of Removal. *See* Exhibit 5.

19. In filing this Notice of Removal, BAE does not waive and hereby expressly reserves the right to assert any and all defenses, including contesting jurisdiction and venue.

20. Other than the documents attached as exhibits to this Notice, no other pleadings or papers have been filed in the State Court Case.

WHEREFORE, Defendant BAE gives notice that the above-captioned action is removed from the Circuit Court for Arlington County, Virginia, to this Court.

Dated: November 14, 2025          Respectfully submitted,

        /s/ Christine M. Burke
Christine M. Burke, Va. Bar No. 65741
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
cburke@islerdare.com
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendants BAE Systems Shared Services, Inc. and Kara Hennigan*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of November 2025, I caused a true and accurate copy of the foregoing Notice of Removal, and all accompanying memoranda and exhibits, to be sent via electronic mail and U.S. mail to the following counsel of record:

      Adam Augustine Carter
      The Employment Law Group, P.C.
      1717 K Street NW, Suite 1110
      Washington, DC  20006
      Tel: 202-856-7802
      Fax: 202-261-2835
      acarter@employmentlawgroup.com

      /s/ Christine M. Burke
      Christine M. Burke, Va. Bar No. 65741
      ISLERDARE, P.C.
      1945 Old Gallows Road, Suite 650
      Vienna, VA 22182
      Phone: (703) 748-2690
      Fax: (703) 748-2695
      cburke@islerdare.com