# EXHIBIT 1

Page 1 of 1

Receipt : 25000011296

COURT ADDRESS:
1425 NORTH COURTHOUSE ROAD #6100
ARLINGTON, VA 22201
PHONE # :703-228-7010

**OFFICIAL RECEIPT**
**ARLINGTON CIRCUIT COURT**
**MISCELLANEOUS**

**DATE :** 11/13/2025          **TIME :** 12:00:42
**RECEIPT # :** 25000011296   **TRANSACTION # :** 25111300017
**CASHIER :** LXI             **REGISTER # :** G515
**ACCOUNT OF :** COPIES
**RECEIVED OF :** COPIES
**CREDIT/DEBIT CARD :** $4.94

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 236 | DOCUMENT REPRODUCTION COSTS | $4.75 |
| 315 | MISCELLANEOUS FEES & COMMISSIONS | $0.00 |
| 415 | SECURED REMOTE ACCESS | $0.00 |

**CASE # :** 013CGM250002286

**FILING TYPE :** OTH          **TYPE :** FULL PAYMENT

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 407 | CONVENIENCE FEE | $0.19 |

**TENDERED : $** 4.94

**AMOUNT PAID : $** 4.94

**CLERK OF COURT :** PAUL FERGUSON

PAYOR'S COPY

RECEIPT COPY 1 OF 2

CL25004348-00
GTOR
OTH

FILED by Arlington County Circuit Court
09/29/2025

**'IONS**

COMMONWEALTH OF VIRGINIA    Case No. _____

Arlington County ................................................................ Circuit Court

George Marountas .......... v./In re: .......... BAE Systems Shared Services, Inc. and Kara Hennigan

PLAINTIFF(S)                          DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Counterclaim
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
   [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
[ ] ABC Board
[ ] Board of Zoning
[ ] Compensation Board
[ ] DMV License Suspension
[ ] Employee Grievance Decision
[ ] Employment Commission
[ ] Local Government
[ ] Marine Resources Commission
[ ] School Board
[ ] Voter Registration
[ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
   [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
   [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
   [ ] Complaint – Contested*
   [ ] Complaint – Uncontested*
   [ ] Counterclaim/Responsive Pleading
   [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
   [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
   [ ] Guardian/Conservator
   [ ] Standby Guardian/Conservator
   [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
   [ ] Impress/Declare/Create
   [ ] Reformation
[ ] Will (select one)
   [ ] Construe
   [ ] Contested

## MISCELLANEOUS

[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
   [ ] Church Trustee
   [ ] Conservator of Peace
   [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
   [ ] Reinstatement pursuant to § 46.2-427
   [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
   [ ] Correct Erroneous State/Local
   [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[X] Other (please specify)
   Discrimination and Retaliation in Employment

[X] Damages in the amount of $ 950,000.00 are claimed.

9/22/2025
DATE

[ ] PLAINTIFF  [ ] DEFENDANT  [X] ATTORNEY FOR  [X] PLAINTIFF  [ ] DEFENDANT

Adam Augustine Carter
PRINT NAME

1717 K St. NW Ste 1110 Washington, DC 20006
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

202.425.4269

acarter@employmentlawgroup.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 02/23

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FILED by Arlington County Circuit Court
09/29/2025

**Adam Augustine Carter**
Principal Attorney
acarter@employmentlawgroup.com

September 29, 2025

CL25004348-00
GTOR
REQ

RECEIVED 2025 SEP 29 PH 1:34
PAUL FERGUSON, CLERK
ARLINGTON CIRCUIT COURT

**VIA HAND DELIVERY**

Paul Ferguson
Clerk of the Circuit Court
1425 N Courthouse Rd, 6th Floor
Arlington, VA 22201

      RE:    ***George Marountas v. BAE Systems***
            **Circuit Court of Arlington, Civil Division**

Dear Clerk of the Court:

      Enclosed please find a fully endorsed Complaint and Civil Cover Sheet. Please file and contact John McCarty at (703) 728-1407 once the summons has been prepared.

      Service will be conducted by a private process server on the following individuals.

A.  Kara Hennigan at 9813 Chessmans Ct. Fredericksburg, VA 22407.

B.  BAE Systems Shared Services, Inc. at Serve Resident Agent: United Agent Group, Inc., at 425 West Washington Street, Suite 4 Suffolk, VA 23434.

      Enclosed are the originals of the following documents:

    1.  Plaintiff's Complaint and Civil Cover Sheet

      Thank you for your attention in this regard. Please do not hesitate to contact me with any questions or concerns.

                        Very Truly Yours,
                        The Employment Law Group, PC

                      By:    /s/ Adam Augustine Carter
                            Adam Augustine Carter
                            *Attorney for George Marountas*

Enclosures (2)

| The Employment Law Group<br>A Professional Corporation | 1717 K St. NW<br>Suite 1110<br>Washington, DC 20006 | Telephone: 202.331.2883<br>Facsimile: 202.261.2835<br>Web: employmentlawgroup.com |
|---|---|---|

FILED by Arlington County Circuit Court
09/29/2025



CL25004348-00
GTOR
GTOR

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF ARLINGTON
### Civil Division

**GEORGE MAROUNTAS,**
**19877 Beth Page Court**
**Ashburn, VA 20147,**

        *Plaintiff,*

    v.

**BAE SYSTEMS SHARED SERVICES, INC.,**
**2941 Fairview Park Drive, Suite 100**
**Falls Church, VA 22042,**

    **Serve Registered Agent:**

    **United Agent Group, Inc.,**
    **425 West Washington Street, Suite 4**
    **Suffolk, VA 23434,**

*and*

**KARA HENNIGAN,**
**9813 Chessmans Ct.**
**Fredericksburg, VA 22407,**

        *Defendant.*

**Civil Action No.: _____**

**JURY TRIAL DEMANDED**

RECEIVED 2025 SEP 29 AM 8:13 PAUL FERGUSON, CLERK ARLINGTON CIRCUIT COURT

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
## AND DEMAND FOR JURY

    Plaintiff George Marountas, by and through counsel, files this civil complaint and

demand for jury trial against Defendants BAE Systems Shared Services, Inc. ("BAE") and Kara

Hennigan for sex discrimination and retaliation under the Virginia Human Rights Act, Va. Code

Ann. § 2.2-3900 *et seq.* ("VHRA") and tortious interference with a business relationship in

violation of Virginia common law.

1

**PARTIES**

1.    Plaintiff is a resident of Ashburn, Virginia, and worked for Defendant BAE from in or about August 2020 to on or about July 30, 2024.

2.    Defendant BAE is a Delaware corporation with its principal office address in Charlotte, N.C. It regularly conducts business in Arlington County, Virginia through its offices located at 2941 Fairview Park Drive, Suite 100, Falls Church, VA 22042.

3.    Defendant Hennigan is a resident of Fredericksburg, Virginia, and works for Defendant BAE.

**JURISDICTION AND VENUE**

4.    This Court has personal jurisdiction over Defendant BAE because it regularly conducts business in the Commonwealth of Virginia through its offices in Falls Church, Virginia.

5.    This Court has personal jurisdiction over Defendant Hennigan because she is a resident of the Commonwealth of Virginia.

6.    This Court has jurisdiction over the subject matter of this complaint pursuant to Va. Code Ann. § 17.1-513. This Court also has jurisdiction over the claims in this complaint brought under the law of the Commonwealth of Virginia pursuant to the VHRA.

7.    Venue is proper in this Court pursuant to Va. Code Ann. § 8.01-262 as this cause of action arises from Marountas's employment with BAE.

**FACTUAL ALLEGATIONS**

8.    Marountas is a male cybersecurity compliance professional with more than 15 years' experience in the industry.

9.    Marountas earned his Certified Information Systems Auditor ("CISA") credential

2

in or around 2018 and his Certified Data Privacy Solutions Engineer credential in or around August 2020.

10.     BAE hired Marountas on or about August 10, 2020, as a manager II – IT compliance audits. His supervisor was Judith Phillips, vice president of Enterprise Shared Services IT ("ESS IT").

11.     Marountas received little on-boarding support due to the COVID-19 pandemic.

12.     BAE recognized Marountas's performance when vice president Sree Pillai awarded him an IMPACT Certificate of Appreciation on or about October 20, 2020.

13.     Phillips delivered Marountas's annual performance evaluation for 2020 on or about January 29, 2021, in which she rated his performance "exceptional."

14.     Marountas earned his Project Management Professional ("PMP") credential from Project Management Institute in or around July 2021.

15.     BAE vice president Mike Wolf recognized Marountas with another IMPACT certificate of appreciation on or about August 27, 2021.

16.     Phillips recognized Marountas with an IMPACT certificate of appreciation on or about November 22, 2021.

17.     Phillips recognized Marountas again with another IMPACT certificate of appreciation on or about December 8, 2021.

18.     Marountas earned his Cybersecurity Maturity Model Certification ("CMMC-AB RP") in or around 2021 or 2022.

19.     Phillips delivered Marountas's annual performance evaluation for 2021 on or about January 18, 2022, in which she rated his performance as "high."

20.     BAE promoted Marountas to director I – IT governance and compliance audits on

3

or about January 18, 2022, but it did not train Marountas for any of his increased duties or responsibilities, or for managing the larger team as a director.

21.    BAE vice president Michelle Murphy recognized Marountas with an IMPACT certificate of appreciation on or about March 3, 2022.

22.    Phillips recognized Marountas a third time with another IMPACT certificate of appreciation on or about July 19, 2022.

23.    Phillips delivered Marountas's annual performance evaluation for 2022 on or about January 18, 2023, in which she rated his performance as "exceptional."

24.    BAE vice president John Brunner recognized Marountas with an IMPACT certificate of appreciation on or about May 11, 2023.

25.    BAE vice president Tracy Lamantia recognized Marountas with an IMPACT certificate of appreciation on or about August 4, 2023.

26.    Phillips recognized Marountas with a fourth IMPACT certificate of appreciation on or about November 8, 2023.

27.    BAE's chief information officer, Travis Garriss, recognized Marountas with an IMPACT certificate of appreciation on or about November 28, 2023.

28.    Phillips delivered Marountas's annual performance evaluation for 2023 on or about November 28, 2023, in which she rated his performance as "exceptional."

29.    BAE announced a reorganization of its cyber compliance teams to consolidate resources and remove redundancies across teams.

30.    BAE created a new senior director – IT governance and cybersecurity compliance position which consolidated Marountas's team with that of another an IT director.

31.    Marountas applied for the new senior director position, and BAE selected him in

4

or around January 2024. Marountas assumed the role of senior director in or around February 2024.

33. BAE did not train Marountas for any of his increased duties, responsibilities, or managing the larger consolidated team as a senior director, and so Phillips began receiving complaints about Marountas's work and his team soon after BAE promoted him to senior director.

33. BAE delegated additional responsibilities to Marountas and his team that were not in the position description nor within his core responsibilities. Specifically, BAE required Marountas and his team to conduct two major software license audits in or around March or April 2024. These audits demanded a significant investment of time and resources from Marountas, limiting his bandwidth to focus on other high-priority initiatives.

34. Marountas and Phillips met weekly to discuss his team's projects and the additional work assigned to him. Phillips told Marountas in an email dated on or around April 14, 2024, that BAE's chief information officer Travis Garriss was concerned that Marountas was "painting too rosy a picture of the compliance status" in weekly meetings.

35. Marountas responded to Phillips that he only relayed the compliance status information reported by other professionals within BAE's ESS IT.

36. Phillips and Marountas exchanged emails on or about June 4, 2024, in which Phillips told him concerns about a potential compliance vulnerability and the corresponding risk to BAE, and Marountas responded that the compliance team disagreed with that position and said there was "no evidence of significant non-compliance or risk."

37. Phillips sent Marountas a draft performance improvement plan ("PIP") on or about June 11, 2024. The draft PIP included a planned completion date of August 16, 2024.

5

38.     The PIP established a six-step process which required participation by both the employee and their supervisor to ensure successful completion, and step 3 of the PIP provides "[t]he employee and manager should agree to a set of specific objectives that enable an evaluation of the degree to which the employee's performance is improving." Marountas did not participate in setting the objectives of the PIP.

39.     The PIP called for weekly progress meetings between Marountas and Phillips to track the PIP and increase the likelihood of successful completion, but Phillips took a leave of absence almost immediately after placing Marountas on the PIP on or about June 11, 2024.

40.     Garriss appointed Kara Hennigan, then senior director – IT governance and user experience, as interim vice president of ESS IT in Phillips' absence.

41.     Hennigan is female and works in BAE's office in Falls Church, Virginia.

42.     Hennigan was, until her interim promotion to vice president, Marountas's peer as a fellow senior director, and she is uncomfortable around her male colleagues and treats female BAE employees more favorably than she does male employees.

43.     Hennigan assumed responsibility for administering and monitoring Marountas's PIP in Phillips's absence.

44.     Hennigan partnered with BAE's human resources partner Hannah Mozeley, to monitor Marountas's PIP progress. Mozeley works at BAE's headquarters in Charlotte, North Carolina.

45.     Hennigan expanded the scope of Performance Objective No. 1 of the PIP to require that Marountas achieve the "agreement [of sector leads, customers and colleagues] before moving forward to action." This expanded objective was unachievable because obtaining agreement among those groups was not possible given their competing interests.

6

46. Hennigan expanded the scope of Performance Objective No. 5 of the PIP to require that Marountas "[r]eceive feedback on all employees in lower performance quadrants of 9Box & create development plan for each[.]" This expanded objective was unachievable because it made Marountas responsible for third parties failing to provide feedback on his team members.

47. Marountas met with Hennigan and Mozeley each week of his PIP to discuss his progress on each of the Performance Objectives.

48. Hennigan provided no written feedback or input regarding the PIP after or about July 3, 2024.

49. Marountas subsequently complained to BAE's vice president of human resources, Jessica Prologo, in or around July of 2024 that Hennigan was treating him unfairly regarding the PIP and that he believed she was discriminating against him on the basis of his gender.

50. In response Prologo told Marountas to speak with Garriss first before proceeding with a human resources discrimination complaint. Accordingly, Marountas sent Garriss a request for a meeting to discuss his concerns about Hennigan. However, Garriss's executive assistant (or Garriss himself) canceled the meeting request after learning the purpose for Marountas's one-on-one meeting with Garriss.

51. Marountas then complained to BAE's chief ethics officer, Kim Kaminski, that he was being treated unfairly by Hennigan and that he believed she was discriminating against him on the basis of his gender. Kaminski responded to Marountas three days later to tell him she investigated his complaint and found no ethics violations.

52. Hennigan terminated Marountas on or about July 30, 2024, more than two weeks before the scheduled end of his PIP. BAE then selected Hennigan to replace Marountas as its new senior director – IT governance and cybersecurity.

53. As the result of Defendant's illegal actions, Marountas has sustained mental anguish and economic damages, and he will continue to sustain damages into the future.

**COUNT I**
**Discrimination in Violation of the**
**Virginia Human Rights Act**
**Va. Code Ann. § 2.2-3900 *et seq.***
**Discrimination Based on Sex**
**Against All Defendants Jointly and Severally**

54. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully alleged herein.

55. Va. Code Ann. § 2.2-3900 *et seq.* was in full force and effect at all relevant times herein.

56. Plaintiff is an "employee" as defined in Va. Code Ann. § 2.2-3905(A).

57. Defendants are both an "employer" as defined in Va. Code Ann. § 2.2-3905(A).

58. Plaintiff is a member of a protected class under the VHRA because he was a male employee of Defendants.

59. Defendants violated Va. Code Ann. § 2.2-3900 *et seq.*, by terminating Plaintiff's employment because of his sex.

60. Defendants discriminated against Plaintiff because of his sex by placing him on a PIP, expanding the scope of the PIP to ensure he could not succeed, and then terminating him before the end of his PIP.

61. The reasons behind Defendants' decision to expand the scope of Plaintiff's PIP were to make the Performance Objectives of the PIP unachievable and are pretext for unlawful discrimination.

62. Plaintiff suffered substantial economic damages and mental anguish as a result of Defendants' unlawful actions, and he will continue to sustain damages into the future.

8

63.     For Defendants' unlawful discrimination against him, Plaintiff is entitled to such legal or equitable relief as will effective the purposes of the VHRA, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front pay and backpay, interest on all damages, reinstatement, consequential damages, any other relief that furthers the purposes of the VHRA, and any other relief that this Court deems just and equitable.

## COUNT II
### Retaliation in Violation of the
### Virginia Human Rights Act
### Va. Code Ann. § 2.2-3900 *et seq.*
### Retaliation for Complaining of
### Discrimination Based on Sex
### Against All Defendants Jointly and Severally

64.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully alleged herein.

65.     At all relevant times herein, Va. Code Ann. § 2.2-3900 *et seq.*, was in full force and effect.

66.     Plaintiff engaged in protected activity when he complained of possible discrimination to BAE's vice president of human resources and to its Chief Ethics Officer that he was being subjected to discrimination based on his sex.

67.     Defendants violated Va. Code Ann. § 2.2-3900 *et seq.*, by terminating Plaintiff's employment because of his complaints that he was being discriminated against based on his sex.

68.     Defendants discriminated against Plaintiff because of his complaints of discrimination based on his sex by terminating him before the end of his PIP.

69.     The reasons for Defendants' decision to terminate him before the end of his PIP are pretext for unlawful retaliation for his complaints of discrimination based on his sex.

9

70.     Plaintiff suffered substantial economic damages and mental anguish as a result of Defendant's unlawful actions, and he will continue to sustain damages into the future.

71.     For Defendants' unlawful discrimination against him, Plaintiff is entitled to such legal or equitable relief as will effective the purposes of the VHRA, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front pay and backpay, interest on all damages, reinstatement, consequential damages, any other relief that furthers the purposes of the VHRA, and any other relief that this Court deems just and equitable.

## COUNT III
### Tortious Interference with a Business Relationship
### Against Defendant Hennigan

72.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully alleged herein.

73.     Plaintiff's at-will employment with Defendant BAE was a business relationship under Virginia law.

74.     Defendant Hennigan was aware of Plaintiff's business relationship with Defendant BAE.

75.     Defendant Hennigan intentionally interfered with Plaintiff's business relationship with Defendant BAE when she interfered with and terminated his employment with Defendant BAE.

76.     Defendant Hennigan's purpose in interfering with Plaintiff's business relationship was to secure and assume his job position for her own personal benefit.

77.     Defendant Hennigan assumed Plaintiff's job position sometime after July of 2024.

78.     Defendant Hennigan employed improper methods when she tortiously interfered

with Plaintiff's business relationship with Defendant BAE when she acquired a position of authority over Plaintiff, altered the objectives of Plaintiff's PIP to make them unachievable, and then terminated Plaintiff.

79.     Defendant Hennigan benefited from her tortious interference with Plaintiff's business relationship with Defendant BAE when she engineered a situation to terminate and replace Plaintiff.

80.     Plaintiff suffered substantial economic damages and mental anguish as a result of Defendant's unlawful actions, and he will continue to sustain damages into the future.

81.     For Defendant Hennigan's tortious interference with Plaintiff's business relationship with Defendant BAE, Plaintiff is entitled to damages, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front pay and backpay, interest on all damages, consequential damages, any other relief that this Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George Marountas respectfully requests that the Court enter judgment in his favor and award him the following relief:

A.     Judgment against Defendant BAE Systems Shared Services, Inc. and Defendant Kara Hennigan in an amount of economic damages, compensatory damages, and punitive damages to be determined at trial;

B.     Pre-judgment interest;

C.     Employment, reinstatement, promotion, or other equitable relief;

D.     Economic damages including front pay and back pay;

E.     Compensatory damages;

11

F.      Interest due on unpaid wages;

G.      A reasonable attorneys' fee and the costs of this action, and;

H.      Any other relief this Honorable Court deems just and proper to award.

**<u>JURY DEMAND</u>**

Plaintiff demands a jury for all issues to be so tried.

**<u>AD DAMNUM CLAUSE</u>**

Plaintiff is seeking damages in an amount totaling $ 950,000.00.

By Counsel,

/s/ Adam Augustine Carter
R. Scott Oswald, VSB# 41770
Adam Augustine Carter, VSB# 32722
Ben Considine, *pro hac vice* to be filed
The Employment Law Group, P.C.
1717 K St. NW, Ste. 1110
Washington, D.C. 20006
(202) 856-7802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
bconsidine@employmentlawgroup.com

FILED by Arlington County Circuit Court
10/30/2025 04:40:56 PM

**VIRGINIA:**

### IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| **GEORGE MAROUNTAS**<br>**19877 Beth Page Court**<br>**Ashburn, VA 20147,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**BAE SYSTEMS SHARED**<br>**SERVICES, INC.**<br>**2941 Fairview Park Drive, Suite 2000**<br>**Falls Church, VA 22042**<br><br>        **and**<br><br>**KARA HENNIGAN**<br>**9813 Chessmans Court**<br>**Fredericksburg, VA 22407,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. CL25004348-00**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### <u>NOTICE OF APPEARANCE</u>

PLEASE TAKE NOTICE that Christine M. Burke of the law firm of IslerDare, P.C., who is a member in good standing of the Virginia Bar, hereby enters her appearance in the above-titled action on behalf of Defendant Kara Hennigan.

Dated: October 30, 2025

Respectfully submitted,

_____/s/ Christine M. Burke_____
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

*Counsel for Defendant Kara Hennigan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2025, I caused a true and correct copy of

the foregoing to be sent via electronic mail and the File and Serve mechanism of the court to the

following counsel of record:

Adam Augustine Carter
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC  20006
Tel: 202-856-7802
Fax: 202-261-2835
acarter@employmentlawgroup.com

_____ /s/ Christine M. Burke _____
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

2

FILED by Arlington County Circuit Court
10/30/2025 04:44:30 PM

**VIRGINIA:**

### IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| **GEORGE MAROUNTAS**<br>**19877 Beth Page Court**<br>**Ashburn, VA  20147,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )<br>) |
| **BAE SYSTEMS SHARED**<br>**SERVICES, INC.**<br>**2941 Fairview Park Drive, Suite 2000**<br>**Falls Church, VA  22042** | )  **Civil Action No. CL25004348-00**<br>)<br>)<br>)<br>) |
| **and** | )<br>) |
| **KARA HENNIGAN**<br>**9813 Chessmans Court**<br>**Fredericksburg, VA  22407,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

### DEFENDANT KARA HENNIGAN'S DEMURRER

Pursuant to Supreme Court of Virginia Rule 3:8, Defendant Kara Hennigan hereby demurs to Plaintiff's Complaint on the following grounds:

Count I (Discrimination in violation of the Virginia Human Rights Act)

- Count I fails to state a claim upon which relief may be granted because individuals may not be held liable under the Virginia Human Rights Act, Va Code Ann. § 2.2-3900, *et seq.* ("VHRA").  The VHRA applies to employers only.  *See, e.g., Lundberg v. Delta Response Team, LLC,* 2024 WL 1676806, at *3-4 (W.D. Va. Apr. 18, 2024).

Count II (Retaliation in violation of the Virginia Human Rights Act)

- Count II fails to state a claim upon which relief may be granted because individuals may not be held liable under the VHRA, which applies to employers only. *See, e.g., Lundberg*, 2024 WL 1676808, at *3-4.

Count III (Tortious Interference with a Business Relationship)

- The claim in Count III for tortious interference with a business relationship fails because, as an agent of BAE Systems Shared Services, Inc. ("BAE"), Ms. Hennigan is not a third party that could interfere with a business relationship between BAE and Plaintiff. *See, e.g., Smith v. Wright*, 2020 WL 6053154, at *13-14 (E.D. Va. May 6, 2020). Furthermore, even assuming all allegations in the Complaint are true, Ms. Hennigan acted fully within the scope of her employment in taking the actions attributed to her in the Complaint, invalidating any claim for tortious interference. *Id.* at *14-15; *see also Emami v. Bolden*, 175 F. Supp. 3d 616, 621 (E.D. Va. 2016).

Dated: October 30, 2025

Respectfully submitted,

_____/s/ Christine M. Burke_____
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

*Counsel for Defendant Kara Hennigan*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2025, I caused a true and correct copy of the foregoing to be sent via electronic mail and the File and Serve mechanism of the court to the following counsel of record:

Adam Augustine Carter
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC 20006
Tel: 202-856-7802
Fax: 202-261-2835
acarter@employmentlawgroup.com

_____/s/ Christine M. Burke_____
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

FILED by Arlington County Circuit Court
10/30/2025 04:44:30 PM

**VIRGINIA:**

### IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| **GEORGE MAROUNTAS**<br>**19877 Beth Page Court**<br>**Ashburn, VA  20147,** | ) )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| **v.** | )<br>) |
| **BAE SYSTEMS SHARED**<br>**SERVICES, INC.**<br>**2941 Fairview Park Drive, Suite 2000**<br>**Falls Church, VA  22042** | )  **Civil Action No. CL25004348-00**<br>)<br>)<br>)<br>) |
| **and** | )<br>) |
| **KARA HENNIGAN**<br>**9813 Chessmans Court**<br>**Fredericksburg, VA  22407,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

### DEFENDANT KARA HENNIGAN'S DEMURRER

Pursuant to Supreme Court of Virginia Rule 3:8, Defendant Kara Hennigan hereby demurs to Plaintiff's Complaint on the following grounds:

<u>Count I (Discrimination in violation of the Virginia Human Rights Act)</u>

- Count I fails to state a claim upon which relief may be granted because individuals may not be held liable under the Virginia Human Rights Act, Va Code Ann. § 2.2-3900, *et seq.* ("VHRA").  The VHRA applies to employers only.  *See, e.g., Lundberg v. Delta Response Team, LLC,* 2024 WL 1676806, at *3-4 (W.D. Va. Apr. 18, 2024).

Count II (Retaliation in violation of the Virginia Human Rights Act)

- Count II fails to state a claim upon which relief may be granted because individuals may not be held liable under the VHRA, which applies to employers only. *See, e.g., Lundberg*, 2024 WL 1676808, at *3-4.

Count III (Tortious Interference with a Business Relationship)

- The claim in Count III for tortious interference with a business relationship fails because, as an agent of BAE Systems Shared Services, Inc. ("BAE"), Ms. Hennigan is not a third party that could interfere with a business relationship between BAE and Plaintiff. *See, e.g., Smith v. Wright*, 2020 WL 6053154, at *13-14 (E.D. Va. May 6, 2020). Furthermore, even assuming all allegations in the Complaint are true, Ms. Hennigan acted fully within the scope of her employment in taking the actions attributed to her in the Complaint, invalidating any claim for tortious interference. *Id.* at *14-15; *see also Emami v. Bolden*, 175 F. Supp. 3d 616, 621 (E.D. Va. 2016).

Dated: October 30, 2025                              Respectfully submitted,

                                                     _____/s/ Christine M. Burke_____
                                                     Christine M. Burke, Va. Bar No. 65741
                                                     ISLERDARE, P.C.
                                                     1945 Old Gallows Road, Suite 650
                                                     Vienna, VA 22182
                                                     Phone: (703) 748-2690
                                                     Fax: (703) 748-2695
                                                     cburke@islerdare.com

                                                     *Counsel for Defendant Kara Hennigan*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October 2025, I caused a true and correct copy of the foregoing to be sent via electronic mail and the File and Serve mechanism of the court to the following counsel of record:

> Adam Augustine Carter
> The Employment Law Group, P.C.
> 1717 K Street NW, Suite 1110
> Washington, DC 20006
> Tel: 202-856-7802
> Fax: 202-261-2835
> acarter@employmentlawgroup.com

> _____/s/ Christine M. Burke_____
> Christine M. Burke, Va. Bar No. 65741
> ISLERDARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, VA 22182
> Phone: (703) 748-2690
> Fax: (703) 748-2695
> cburke@islerdare.com

FILED by Arlington County Circuit Court
10/30/2025 04:44:30 PM

**VIRGINIA:**

### IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| **GEORGE MAROUNTAS**<br>**19877 Beth Page Court**<br>**Ashburn, VA  20147,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**BAE SYSTEMS SHARED**<br>**SERVICES, INC.**<br>**2941 Fairview Park Drive, Suite 2000**<br>**Falls Church, VA  22042**<br><br>      **and**<br><br>**KARA HENNIGAN**<br>**9813 Chessmans Court**<br>**Fredericksburg, VA  22407,**<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. CL25004348-00**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT KARA HENNIGAN'S DEMURRER

Pursuant to Supreme Court of Virginia Rule 3:8, Defendant Kara Hennigan hereby demurs to Plaintiff's Complaint on the following grounds:

<u>Count I (Discrimination in violation of the Virginia Human Rights Act)</u>

- Count I fails to state a claim upon which relief may be granted because individuals may not be held liable under the Virginia Human Rights Act, Va Code Ann. § 2.2-3900, *et seq.* ("VHRA").  The VHRA applies to employers only.  *See, e.g., Lundberg v. Delta Response Team, LLC*, 2024 WL 1676806, at *3-4 (W.D. Va. Apr. 18, 2024).

Count II (Retaliation in violation of the Virginia Human Rights Act)

- Count II fails to state a claim upon which relief may be granted because individuals may not be held liable under the VHRA, which applies to employers only. *See, e.g., Lundberg*, 2024 WL 1676808, at *3-4.

Count III (Tortious Interference with a Business Relationship)

- The claim in Count III for tortious interference with a business relationship fails because, as an agent of BAE Systems Shared Services, Inc. ("BAE"), Ms. Hennigan is not a third party that could interfere with a business relationship between BAE and Plaintiff. *See, e.g., Smith v. Wright*, 2020 WL 6053154, at *13-14 (E.D. Va. May 6, 2020). Furthermore, even assuming all allegations in the Complaint are true, Ms. Hennigan acted fully within the scope of her employment in taking the actions attributed to her in the Complaint, invalidating any claim for tortious interference. *Id.* at *14-15; *see also Emami v. Bolden*, 175 F. Supp. 3d 616, 621 (E.D. Va. 2016).

Dated: October 30, 2025                     Respectfully submitted,

　　　　　　 /s/ Christine M. Burke
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

*Counsel for Defendant Kara Hennigan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2025, I caused a true and correct copy of the foregoing to be sent via electronic mail and the File and Serve mechanism of the court to the following counsel of record:

Adam Augustine Carter
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC 20006
Tel: 202-856-7802
Fax: 202-261-2835
acarter@employmentlawgroup.com


_____/s/ Christine M. Burke_____
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

3