IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEORGE MAROUNTAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-02048-RDA-WBP |
| ) | |
| BAE SYSTEMS SHARED ) | |
| SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT KARA HENNIGAN'S MOTION TO DISMISS

Defendant Kara Hennigan, by counsel, hereby moves to dismiss with prejudice all three counts asserted against her in Plaintiff George Marountas's Complaint on the ground of fraudulent joinder.

Defendant BAE Systems Shared Services, Inc. ("BAE") removed this action to this Court under the fraudulent joinder doctrine, arguing that Ms. Hennigan was joined as a defendant to defeat the Court's diversity jurisdiction and that because the claims asserted against her cannot succeed, the Court should dismiss her as a defendant and retain jurisdiction over the dispute between BAE and Plaintiff, which are diverse parties. *See* Notice of Removal (Dkt. No. 1) ¶¶ 12-14. For the reasons discussed in BAE's Memorandum in Support of the Court's Diversity Jurisdiction, Ms. Hennigan should be dismissed as a party without any further action being required of her. *See generally* Dkt. No. 2.

However, Ms. Hennigan submits the instant Motion to the extent the Court requires her to separately move for dismissal of the Complaint against her. As discussed in detail in BAE's Memorandum in Support of the Court's Diversity Jurisdiction, which Ms. Hennigan hereby

incorporates by reference, all three counts against her – for discrimination and retaliation under the Virginia Human Rights Act and for tortious interference with the business relationship between Plaintiff and BAE – are invalid under Virginia law and must fail. *See* Dkt. No. 2. Accordingly, these claims against Ms. Hennigan should be dismissed, and Ms. Hennigan should be dismissed as a party, allowing the Court to retain jurisdiction over the claims Plaintiff has asserted against BAE.

Because the fraudulent joinder standard requires the Court to find that there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant (Ms. Hennigan), and because the fraudulent joinder standard is met in this case, the claims against Ms. Hennigan are equally subject to dismissal under Federal Rule 12(b)(6) because they do not assert plausible claims for relief. Therefore, should the Court wish to consider Ms. Hennigan's motion under the Rule 12(b)(6) standard, it should similarly be granted.

A proposed Order is attached.

Dated: November 21, 2025            Respectfully submitted,

                                                          /s/ Christine M. Burke
Christine M. Burke, Va. Bar No. 65741
Eddie Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
cburke@islerdare.com
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant BAE Systems Shared Services, Inc. and Kara Hennigan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2025, I caused a true and accurate copy of the foregoing to be sent via electronic mail and the File and Serve mechanism of the court to the following counsel of record:

Adam Augustine Carter
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC  20006
Tel: 202-856-7802
Fax: 202-261-2835
acarter@employmentlawgroup.com


　　　　/s/ Christine M. Burke
Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com