**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **GEORGE MAROUNTAS,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *v.* | ) Case No.: 1:25-cv-02048-RDA-WBP |
| | ) |
| **BAE SYSTEMS SHARED** | ) |
| **SERVICES, INC.** *et al.* | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S CONSENT MOTION TO HOLD DEFENDANTS' MOTIONS TO DISMISS IN ABEYANCE PENDING THE COURT'S RULING ON PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT

Plaintiff George Marountas, by and through counsel, hereby respectfully requests that this Court issue an order to hold Defendants' Motions to Dismiss in abeyance, including Plaintiff's responses to Defendants' Motions to Dismiss, pending the resolution of Plaintiff's forthcoming Motion to Remand. It promotes judicial economy and efficiency for the Court to resolve subject-matter jurisdiction before addressing any motion to dismiss, because the Court cannot reach the merits of such motions unless and until its jurisdiction is established.

Counsel for Plaintiff met and conferred with Defendants' Counsel via e-mail on December 1, 2025 and December 3, 2025, and Defendants' Counsel advised that Defendants consent to the relief sought in this motion. In support of this motion, Plaintiff states as follows:

### PROCEDURAL HISTORY

On September 29, 2025, Plaintiff filed his Complaint in the Circuit Court of Arlington County, Virginia, against Defendants BAE Systems Shared Services, Inc. ("BAE") and Kara

Hennigan for discrimination and retaliation in violation of the Virginia Human Rights Act Va. Code Ann. §2.2-3900 *et seq*. ("VHRA"), in addition to one separate claim against Defendant Kara Hennigan for tortious interference with a business relationship under Virginia common law. *See* ECF 1-1, Notice of Removal at Exhibit 1. Defendant Hennigan was served with a summons and a copy of the Complaint on October 10, 2025. *See* ECF 1, Notice of Removal ¶ 2. Counsel for Defendants accepted service on behalf of Defendant BAE on November 6, 2025. *See id.*

On November 14, 2025, Defendants removed this matter to this Court, arguing, *inter alia*, that diversity of citizenship exists if the Court finds Defendant Hennigan has been fraudulently joined. *See id* at ¶¶ 11-12. Thereafter, Defendants each filed separate motions to dismiss on November 21, 2025. *See* ECF 8, 9, 11. BAE's motion sought partial dismissal of the claims asserted against it (specifically, Count I for sex discrimination) (ECF 8, 9); Hennigan's motion sought dismissal of all claims asserted against her on the ground of fraudulent joinder as argued in BAE's Notice of Removal. ECF 11. Plaintiff's responses to Defendants' Motions to Dismiss are due December 5, 2025. *See* Fed. R. Civ. P. 12. Plaintiff intends to file a Motion to Remand no later than December 15, 2025.

## II.     ARGUMENT

In the interest of judicial economy and efficiency, Plaintiff seeks to hold the resolution of the Defendants' Motion to Dismiss in abeyance pending the resolution of Plaintiff's Motion to Remand. *See City of Galax, Virginia v. Purdue Pharma, L.P.*, No. 7:18-CV-00617, 2019 WL 653010 (W.D. Va. Feb. 14, 2019) (granting a preliminary stay pending the resolution of questions of jurisdiction). It would be premature for this Court to rule on the merits of Defendant BAE's Motion to Dismiss without first determining whether this Court has the jurisdictional

authority to hear the removed claims. *See Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1012 (1998) (finding courts must resolve a jurisdiction question before deciding on the merits of a case); *Warth v. Seldin*, 95 S.Ct. 2197, 2205 (1975) ("[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.").[1] Furthermore, a stay of the Motions will best conserve the parties' and the Court's resources.

Defendants' removal to federal court hinges on whether there is diversity of citizenship because Plaintiff's claims do not arise under federal law. *See* ECF 1-1, Notice of Removal at Exhibit 1. Should this Court determine Defendant Hennigan was properly joined, this Court's opinion on Defendants' Motions to Dismiss becomes moot, as the case must be remanded. *See* 28 U.S.C. § 1332.

## CONCLUSION

Based on the foregoing, Plaintiff George Marountas respectfully asks that this Court issue an order holding Defendants' Motions to Dismiss in abeyance, including Plaintiff's responses to Defendants' Motions to Dismiss, pending the resolution of Plaintiff's forthcoming Motion to Remand, as agreed by the parties upon conference.

---

[1] Defendant Hennigan's Motion to Dismiss addresses the removal issue but this issue is also appropriately addressed via a Motion to Remand such as the one to be filed by Plaintiff.

Dated: December 4, 2025                           Respectfully submitted,

/s/ Adam Augustine Carter
R. Scott Oswald, VSB# 41770
Adam Augustine Carter, VSB# 32722
Ben Considine, *pro hac vice* to be filed
The Employment Law Group, P.C.
1717 K St. NW, Ste. 1110
Washington, D.C. 20006
(202) 856-7802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
bconsidine@employmentlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this day, December 4, 2025, a true and correct copy of the foregoing was served the via electronic service through the ECF/CMF system, to counsel for Defendants at:

       Christine M. Burke,Va. Bar No. 65741
       ISLERDARE, P.C.
       1945 Old Gallows Road, Suite 650
       Vienna, VA 22182
       Phone: (703) 748-2690
       Fax: (703) 748-2695
       cburke@islerdare.com

                               /s/ Adam Augustine Carter
                               Adam Augustine Carter