IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **GEORGE MAROUNTAS,** | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) Case No.: 1:25-cv-02048-RDA-WBP ) |
| **BAE SYSTEMS SHARED SERVICES, INC.** *et al.* | ) ) ) ) |
| *Defendants.* | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff George Marountas moves to remand this case to the Circuit Court for the County of Arlington, Virginia because this Court lacks subject-matter jurisdiction. Removal was premised on diversity jurisdiction, yet complete diversity does not exist: Defendant BAE Systems Shared Services, Inc. ("BAE") is a Virginia citizen under 28 U.S.C. § 1332(c)(1), and Defendant Kara Hennigan ("Hennigan"), also a Virginia citizen, was properly joined as a defendant. Defendants' attempt to manufacture diversity through a fraudulent-joinder theory fails, as they "bear[] a heavy burden" of showing "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original). That demanding standard is nowhere close to satisfied here. Pursuant to 28 U.S.C. § 1447(c), this case must be remanded because both named defendants destroy diversity jurisdiction.

## PROCEDURAL BACKGROUND

Plaintiff filed this action in the Circuit Court for the County of Arlington, Virginia on September 19, 2025, asserting sex-based discrimination and retaliation claims under the Virginia Human Rights Act ("VHRA") against Defendants BAE Systems Shared Services, Inc. ("BAE") and Kara Hennigan, as well as a common-law tortious interference claim against Hennigan. *See* ECF 1-2, Notice of Removal at Exhibit 1, pp. 5–16. Service of process was executed on Hennigan on October 10, 2025. *See* ECF 1 ¶ 2. On October 13, 2025, defense counsel contacted Plaintiff's counsel and confirmed representation of both Defendants. *See* Exhibit A. During an October 17, 2025 call, defense counsel asserted that Plaintiff had filed in the incorrect venue because, according to Defendants, BAE was headquartered in Fairfax County rather than Arlington County, and on October 28, 2025, Plaintiff's counsel indicated a willingness to join a motion transferring the case to Fairfax County Circuit Court. *See* Exhibit B.

On October 30, 2025, defense counsel indicated they no longer agree to the joint motion to transfer, and instead Defendant Hennigan filed a demurrer in Arlington County Circuit Court raising arguments substantially similar to those later asserted in Defendants' Notice of Removal. *Id.*; *See also* ECF 1-2, Notice of Removal at Exhibit 1, pp. 25–26. That same day, defense counsel agreed to accept service on behalf of BAE via email, which Plaintiff effectuated on November 6, 2025. *See* ECF 1-4, Notice of Removal at Exhibit 3. On November 14, 2025, Defendants filed a Notice of Removal alleging fraudulent joinder and asserting diversity jurisdiction. *See* ECF 1. This Motion to Remand timely follows.

# ARGUMENT

**A.  This Court must remand this matter to state court because BAE is not a diverse party.**

Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). A corporation is a citizen of both its state of incorporation and the state where it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). The Fourth Circuit utilizes the "nerve center" test to determine the principal place of business for corporations that conduct diverse and widespread operations across multiple states. *Reid v. Boyle*, 2 F. Supp. 2d 803, 806 (E.D. Va. 1998). Under this test, the principal place of business is "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). It is normally "the place where the corporation maintains its headquarters." *Id.*

Applying this test, BAE's "nerve center," and thus its principal place of business, is located in Falls Church, Virginia. Though BAE lists Charlotte, North Carolina as its principal office address on its Virginia foreign-corporate filing, such administrative filings do not determine corporate citizenship under *Hertz*. *Id.* Instead, the inquiry focuses on where the corporation's senior leadership actually directs and coordinates company operations. *Id.* BAE's Chief Executive Officer, President of Platforms and Services, President of Intelligence & Security, Chief Human Resources Officer, Senior Vice President of Finance, and Chief Supply Chain Officer all direct and coordinate BAE's operations from Virginia. Furthermore, BAE publicly identifies 2941 Fairview Park Drive, Falls Church, Virginia as its headquarters and "Head Office" on their own website.[1] Notably, BAE has maintained that Plaintiff initially filed

---

[1] *See* BAE Systems, Inc.*, Head Office—Falls Church, Virginia,* https://www.baesystems.com/en-us/who-we-are/locations (last visited Nov. 25, 2026).

in the wrong venue because BAE's headquarters is currently located in Fairfax County, Virginia, rather than Arlington County, Virginia, where BAE maintained its headquarters until in or about 2020. *See* Exhibit B.

These facts clearly establish that BAE's "nerve center" is in Virginia, making it a Virginia citizen under § 1332(c)(1). Because Plaintiff is also a Virginia citizen, complete diversity is lacking. Furthermore, BAE's Virginia citizenship independently triggers the forum-defendant rule, which prohibits removal where any properly joined and served defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). Accordingly, BAE cannot invoke diversity jurisdiction, and remand is required under 28 U.S.C. § 1447(c).

**B. This Court must remand because Plaintiff has a viable VHRA claim against Defendant Hennigan, defeating fraudulent joinder.**

The Fourth Circuit recognizes fraudulent joinder in only two narrow circumstances: "(1) when there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) when there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 595 (E.D. Va. 2005) (cleaned up) (emphasis in original). Defendants do not and cannot allege "outright fraud" in Plaintiff's jurisdictional allegations. Their fraudulent-joinder argument rests entirely on the assertion that Plaintiff cannot possibly state any claim against Hennigan under Virginia law. The record and the law prove otherwise. The "no possibility" standard "strongly favors the plaintiff seeking remand," even more so than the standard governing motions to dismiss. *Garver v. Holbrook*, 546 F. Supp. 3d 465, 472 (E.D. Va. 2021). It is often described as only requiring a "glimmer of hope" that plaintiff's suit could be brought in state court against the in-state defendant. *Id.*; *see also Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).

As to Plaintiff's claims under the VHRA, Defendants rely exclusively on a line of federal district court decisions interpreting the VHRA's definitional section, Va. Code § 2.2-3905(A), which defines "employer." However, these cases are not binding on any Virginia court, and critically, no Virginia appellate court has ever held that an individual defendant may not be sued under the VHRA. That absence of controlling authority alone is enough to defeat fraudulent joinder, as issues of law must be resolved in plaintiff's favor. *17th St. Assocs.*, 373 F. Supp. 2d at 595. Moreover, Defendants' cases ignore the VHRA's liability-creating provision, § 2.2-3908, which expressly authorizes a private right of action against "the person who allegedly unlawfully discriminated." The Act does not define "person," but Virginia's general definitional statute provides that "person" includes "any individual" and "any . . . agent." Va. Code § 1-230. Hennigan qualifies as both.

Virginia precedent further demonstrates that supervisors may be individually liable for employment-related misconduct, especially where the claim involves conduct that violates public policy. In *VanBuren v. Grubb*, the Virginia Supreme Court held that individual liability is permitted "against individual defendants who . . . committed the acts in violation of public policy and effected the termination." 284 Va. 584, 593 (2012). *VanBuren* is consistent with the long-standing principle established in *Bowman* and later reaffirmed in *Lockhart* that individual actors can be proper defendants when they themselves engage in the wrongful conduct at issue. *See generally Bowman v. State Bank of Keysville*, 331 S.E.2d 797 (1985); *Lockhart v. Commonwealth Educ. Sys. Corp.*, 439 S.E.2d 328 (1994).

Because Virginia appellate courts have never foreclosed individual liability under the VHRA, and because analogous Virginia Supreme Court precedent affirmatively recognizes personal liability for supervisors who engage in wrongful employment conduct, Hennigan was

properly joined. Her Virginia citizenship must therefore be considered for jurisdictional purposes, and diversity jurisdiction is defeated.

### C. This Court must remand because Plaintiff has a viable tortious interference claim against Defendant Hennigan, defeating fraudulent joinder.

A claim for tortious interference with a business relationship may lie against an agent of a contracting party where the agent steps outside the scope of her employment in interfering with that relationship. *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 448 (E.D. Va. 2002). An agent acts outside the scope of employment when she acts "with ulterior motives and without an honest belief that [her] actions would benefit [her] employer." *Brackney-Wheelock v. City of Charlottesville*, 652 F. Supp. 3d 603, 620 (W.D. Va. 2023). Virginia courts have likewise found tortious interference where an agent's "personal dislike" for the plaintiff demonstrated that "she acted outside the course of her employment" when interfering with the plaintiff's employment relationship. *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 266 (W.D. Va. 2001).

Plaintiff's allegations easily meet this standard. The Complaint alleges that Hennigan assumed authority over Plaintiff's employment, manipulated the objectives of his Performance Improvement Plan to render them unattainable, and terminated him before the PIP period had concluded—all for the specific purpose "to secure and assume his job position for her own personal benefit." Compl. ¶ 76. Plaintiff further alleges that Hennigan in fact assumed his position after his termination. *Id.* ¶ 79. These allegations, taken as true and with all reasonable inferences drawn in Plaintiff's favor, describe conduct driven by Hennigan's personal motives and self-interest, not by any legitimate business purpose. At a minimum, these facts establish a clear "glimmer of hope" that a Virginia court could find Hennigan liable for tortious interference. Under the fraudulent-joinder standard, that possibility is dispositive.

## CONCLUSION

For the foregoing reasons, this Court lacks subject-matter jurisdiction over this action. BAE is a Virginia citizen under 28 U.S.C. § 1332(c)(1), destroying complete diversity and independently triggering the forum-defendant rule. Defendant Hennigan, also a Virginia citizen, was properly joined as a defendant, and Defendants cannot meet their heavy burden of showing there is *no possibility* of recovery against her under Virginia law. To the contrary, Plaintiff has, at minimum, a "glimmer of hope" on both his VHRA and tortious-interference claims, which is all that is required to defeat fraudulent-joinder. Because removal jurisdiction is strictly construed and all doubts must be resolved in favor of remand, 28 U.S.C. § 1447(c) compels the return of this case to the Circuit Court for the County of Arlington, Virginia. Plaintiff therefore respectfully requests that the Court grant his Motion to Remand.

Dated: December 15, 2025                          Respectfully submitted,

/s/ Adam Augustine Carter
R. Scott Oswald, VSB# 41770
Adam Augustine Carter, VSB# 32722
Ben Considine, *pro hac vice* to be filed
The Employment Law Group, P.C.
1717 K St. NW, Ste. 1110
Washington, D.C. 20006
(202) 856-7802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
bconsidine@employmentlawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, December 15, 2025, a true and correct copy of the foregoing was served the via electronic service through the ECF/CMF system, to counsel for Defendants at:

Christine M. Burke, Va. Bar No. 65741
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

                                                                      /s/ Adam Augustine Carter
                                                                       Adam Augustine Carter