IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**GEORGE MAROUNTAS,**

*Plaintiff*,

v.

**BAE SYSTEMS SHARED SERVICES, INC.** *et al.*,

*Defendants*.

Case No.: 1:25-cv-02048-RDA-WBP

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiff George Marountas, by counsel, hereby files this Reply in Support of his Motion to Remand. Defendants claim they have met the "reasonable possibility" standard for assessing fraudulent joinder, but fail to demonstrate that Plaintiff's claims against Ms. Hennigan are not colorable under Virginia law. Defendants fail to meet the heavy burden of persuasion for the "no possibility" standard, which "strongly favors the plaintiff seeking remand." *Garver v. Holbrook*, 546 F. Supp. 3d 465, 472 (E.D. Va. 2021) (citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).

### ARGUMENT

A.  **Defendants mistake Courts declining to apply the "no possibility" standard literally for those Courts also setting aside the plaintiff-favoring nature of the standard.**

Defendants' Opposition to Plaintiff's Motion to Remand ("Opposition") correctly points out that, despite courts frequent articulation that defendants invoking the judicially created doctrine of fraudulent joinder to remove a case to federal court must demonstrate either that "'[1] there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] ... there has been outright fraud in the plaintiff's pleading of

1

jurisdictional facts.' " *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)), that federal courts have consistently declined to apply the "no possibility" standard literally. *Garver*, 546 F. Supp. 3d at 472 (citing *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005) ("the 'no possibility' language cannot be taken literally; rather, what is meant is that there is 'no reasonable basis' for predicting liability on the claims alleged.") (citations omitted).

      What Defendants here fail to contend with properly though is that even Courts that reject literal application of the "no possibility" standard and employ what the Opposition refers to as the "reasonable possibility" test requires Defendants to meet a difficult standard that "there is 'no reasonable basis' for predicting liability on the claims alleged." *Linnen*, 372 F. Supp. 2d 811 at 818 (citing *Cordill v. Purdue Pharma, L.P.,* 2002 WL 31474466 *2 n. 5 (W.D. Va. Nov.5, 2002) (quoting *In re Rezulin Products Liability Litigation,* 133 F. Supp. 2d 272, 280 n. 4 (S.D.N.Y. 2001)). Properly formulated, the test for fraudulent joinder, therefore, is "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 819 (citing *Smallwood v. Ill. Cen. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)). And when applying this test, courts must resolve "all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d 422 at 424.

      In *Hartley*, the United States Court of Appeals for the Fourth Circuit bluntly stated that there need only be a slight possibility of a right to relief and that "once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends" in favor of the plaintiff's motion to remand. *Id.* at 426.

2

Here, as described more fully below, Plaintiff has far more than a "glimmer of hope" with respect to both his claims against Ms. Hennigan under both the Virginia Human Rights Act (VHRA) and his tortious interference claim because both are "colorable" under Virginia law, particularly when resolving all issues of fact or law in Plaintiff's favor.

**B.      Unresolved issues of fact and law make Plaintiff's asserted claims against Hennigan colorable under Virginia law.**

        **1.      A reasonable possibility of individual liability under the VHRA exists.**

Defendants' removal relies exclusively on a line of federal district court decisions interpreting the VHRA's definitional section, Va. Code § 2.2-3905(A), which defines "employer." However, these cases are not binding on any Virginia court, and critically, no Virginia appellate court has ever held that an individual defendant may not be sued under the VHRA. Defendants' point to the decision in *Garver* as evidence that the absence of a glimmer of hope can be found by a court even in the absence of controlling precedent on a question of law, but crucially the court in that case concluded that the plaintiff's assertion regarding the applicability of an exception to the going and coming rule stood no glimmer of hope of success based on previous opinion from the Court of Appeals of Virginia, not based upon the decisions of United States district courts. *See Garver*, 546 F. Supp. 3d at 475.

The absence of clear precedent establishing the potential for individual supervisor liability under the VHRA in this case does not lend itself to a conclusion that Plaintiff has no "glimmer of hope" in establishing liability against Hennigan under the VHRA because the VHRA was amended and the existing language was adopted quite recently, in 2020, and because the Act itself expressly authorizes a private right of action against "the person who allegedly unlawfully discriminated" and does not define "person," in such a way as to clearly preclude individual liability. Va. Code Ann. § 2.2-3908.

3

Thus, Defendants have not met their burden in showing that Maroutas' VHRA claim against Hennigan has no "reasonable possibility" of establishing liability in state court.

### 2. A reasonable possibility of liability on Plaintiff's tortious interference exists.

Defendants' Opposition stresses case law establishing that "an individual cannot interfere with a contract or business expectancy to which the individual is a party," that "an agent acting within the scope of their employment cannot tortiously interfere with a contract or business expectancy between the agent's principal and another employee," and that "Virginia law broadly interprets 'scope of employment.'" But this emphasis relies upon conclusions that resolve questions of fact and law in Defendants' favor, not Plaintiff's favor. For example, case law cited by Defendants defines acts as lying within the scope of employment when they "did not arise wholly from some external, independent, and *personal* motive." *Emami v. Bolden,* 175 F. Supp. 3d 616 (E.D. Va. 2016) (emphasis added).

Plaintiff's complaint alleges that "Defendant Hennigan's purpose in interfering with Plaintiff's business relationship was to secure and assume his job position for her own personal benefit." *See* Complaint ¶ 76. This introduces a question of fact of whether Hennigan was motivated by independent, personal motives or some other motive, which must be resolved in Plaintiff's favor when considering the Motion to Remand. Additionally, Hennigan's alleged motive and malice related to her actions toward Plaintiff introduce a question of fact and law concerning whether the principal-agent relationship existed when she took action to interfere with Plaintiff's business relationship with BAE.

Thus, Defendants have not met their burden in showing that Maroutas' tortious interference claim against Hennigan has no "reasonable possibility" of establishing liability in state court.

C. **Defendants' articulation of why BAE and Plaintiff are diverse parties introduces facts that weigh in favor of a potential nerve center in Virginia.**

Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). A corporation is a citizen of both its state of incorporation and the state where it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). The Fourth Circuit utilizes the "nerve center" test to determine the principal place of business for corporations that conduct diverse and widespread operations across multiple states. *Reid v. Boyle*, 2 F. Supp. 2d 803, 806 (E.D. Va. 1998). Under this test, the principal place of business is "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). It is normally "the place where the corporation maintains its headquarters." *Id.*

Defendants' Opposition lays out an articulation of why its principal place of business should be considered to be North Carolina, which relies on the fact that 91 of Shared Services' approximately 1,375 employees work from a Resource Center in Charlotte, NC. *See* Opposition at 11-12. Defendants' Opposition expressly admits that Shared Services is a wholly owned subsidiary of a business entity headquartered in Virginia and that "Shared Services does not have its own president or other singular leader," that the business of Shared Services is "to provide administrative support to all of the company's (BAE Systems, Inc. or "Inc.") U.S. business so that Inc. and each of the sectors do not need to have their own respective financial functions." *Id*. Defendants' Opposition readily admits that Plaintiff, Hennigan, and others, including at least one "senior IT leader" work from Virginia, and that Plaintiff and Hennigan work from Inc.'s Falls Church headquarters. Whether BAE Systems, Inc. and BAE Systems Shared Services, Inc., sufficiently maintained and preserved their separate corporate identities to determine that Defendant BAE Systems Shared Systems, Inc. is properly a resident of North Carolina despite its

considerable contacts with Virginia and the considerable control exercised over the entity from the parent company's Virginia headquarters is not an issue that can be resolved without completion of discovery, but it is clear that BAE's contacts with Virginia are sufficient that the purposes of a defendant's right to remove a case in the absence of diversity jurisdiction would not be frustrated by this matter proceeding in state court in the Commonwealth of Virginia.

## CONCLUSION

Based on the foregoing, Plaintiff George Marountas respectfully asks that this Court remand this matter to the Circuit Court for the County of Arlington, Virginia because Defendant Kara Hennigan was not fraudulently joined and Defendants have not sufficiently demonstrated that complete diversity exists independent of whether Hennigan was fraudulently joined.

Respectfully submitted,

/s/ Adam Augustine Carter
R. Scott Oswald, VSB# 41770
Adam Augustine Carter, VSB# 32722
J. Benjamin Considine, *pro hac vice* to be filed
The Employment Law Group, PC
1717 K Street NW, Suite 1110
Washington, DC 20006
(202) 856-7802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
bconsidine@employmentlawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2026, counsel for Plaintiff served the foregoing via electronic service through the ECF/CMF system, to counsel for Defendants at:

      Christine M. Burke, Va. Bar No. 65741
      ISLER DARE, P.C.
      1945 Old Gallows Road, Suite 650
      Vienna, VA 22182
      Phone: (703) 748-2690
      Fax: (703) 748-2695
      cburke@islerdare.com

                                              /s/ Adam Augustine Carter
                                                Adam Augustine Carter