# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **GEORGE MAROUNTAS,**<br><br>***Plaintiff*,**<br>**v.**<br><br>**BAE SYSTEMS SHARED SERVICES, INC. *et al*.,**<br><br>***Defendants*.** | **Case No.: 1:25-cv-02048-RDA-WBP** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff George Marountas, by counsel, hereby files this Response in Opposition to Defendants' Notice of Supplemental Authority. Defendant BAE Systems Shared Services, Inc. ("BAE") and Kara Hennigan ("Hennigan") argue that the recent decision of the Virginia Court of Appeals in *Khan v. McAlister*, 928 S.E.2d 849 (Va. Ct. App. 2026) forecloses liability for individual supervisors under the Virginia Human Rights Act ("VHRA"). However, the *Khan* court's holding does not apply in the instant case for the reasons set forth below.

**I. *Khan* is inapposite because Plaintiff's claim is grounded in common law, not purely statutory rights**

The *Khan* court expressly limited its analysis to rights that "are purely statutory." *Khan*, 928 S.E.2d at 855. In rejecting plaintiff Khan's reliance on *Cherry v. Lawson Realty Corp.*, 812 S.E.2d 775 (2018), the court emphasized that although individual agents may be liable under the common law, Khan's claims "invoke reasonable disability accommodation requirements, which are purely statutory rights." *Id.* Because the duty to provide a reasonable accommodation exists solely by virtue of the Virginia Human Rights Act, the court concluded that common law principles concerning employer liability were inapplicable. *Id.* at 855.

This case presents the opposite circumstance. Plaintiff's retaliation claim is predicated upon opposition to discrimination based on sex, a public policy that the Supreme Court of Virginia has recognized as sufficiently fundamental to support a common law wrongful discharge claim under the *Bowman* exception to Virginia's employment-at-will doctrine. In *Lockhart v. Commonwealth Education Systems Corp.*, the Virginia Supreme Court explained that, unlike the shareholder voting rights at issue in *Bowman*, it was addressing rights "of even greater importance, the personal freedom to pursue employment free of discrimination based upon race or gender." 439 S.E.2d 328, 331 (1994). The Court further observed that "there are few, if any, greater restrictions on personal freedoms that an employee can suffer than to be terminated because of discrimination based upon race or gender." *Id.* Thus, Virginia common law recognizes the Commonwealth's fundamental public policy against discrimination based on sex as sufficient to support a *Bowman* wrongful-discharge claim.

Accordingly, unlike the disability accommodation claim in *Khan*, Plaintiff's claim arises from rights that have an established common law foundation. That distinction is significant because it is precisely the circumstance in which *Cherry* instructs that statutes should be read in conjunction with the common law unless the General Assembly clearly indicates otherwise. *See Cherry*, 812 S.E.2d at 779. Since Plaintiff's claim rests upon a public policy that existed at common law through the *Bowman* doctrine, rather than strictly upon rights that are "purely statutory," *Khan*'s rationale for declining to apply common law principles regarding employer liability is inapposite. The common law understanding that individual supervisors may constitute *de facto* employers therefore remains relevant in construing Va. Code § 2.2-3905.

## II. <u>The plain language of Va. Code § 2.2-3905 contains distinct language, in contrast to Va. Code § 2.2-3905.1, which makes clear that both BAE and Hennigan are "employers" under the VHRA</u>

Virginia courts are bound by the plain meaning of unambiguous statutory language and "may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." *Williams v. Commonwealth*, 265 Va. 268, 271 (2003). It is improper "to add or subtract from the words used in the statute." *Posey v. Commonwealth*, 123 Va. 551, 553 (1918). "This canon flows from the principle that [w]e must. . . assume. . . the legislature chose, with care, the words it used when it enacted the relevant statute." *Williams v. Commonwealth*, 61 Va. App. 1 (2012) (internal quotations omitted) (citing *Barr v. Town & Country Properties, Inc.*, 240 Va. 292, 295 (1990)). Virginia courts must start with the assumption that the legislature carefully chose the words used and, therefore, the judiciary must "give reasonable effect to every word." *Jones v. Conwell*, 227 Va. 176, 180–81 (1984); *Moyer v. Commonwealth*, 33 Va.App. 8, 35 (2000). "In giving reasonable effect to every word, we presume the legislature used the word in its ordinary sense in the absence of a specific, statutory definition." *Coles v. Commonwealth*, 44 Va.App. 549, 557–58 (2004).

The section at issue before the court in *Khan* was Va. Code § 2.2-3905.1 that addresses disability discrimination under the VHRA. *See Khan*, 928 S.E.2d at 850. However, in the instant case the section of the VHRA at issue is Va. Code § 2.2-3905 as it pertains to sex discrimination. Compl. at ¶¶ 59, 67. The *Khan* Court was silent as to the applicability of individual liability under the VHRA as it pertains to Section 2.2-3905. Nonetheless, BAE seeks to extend the the *Khan* Court's conclusion for Section 2.2-3905.1 to Section 2.2-3905 because it contends the statutory language is substantially similar. However, a plain reading of Section 2.2-3905 does not support this assertion. Section 2.2-3905(A) defines an employer under the VHRA, as "a person

employing . . . 15 or more employees . . . **and** any agent of such person," or in the case of unlawful discharge, "any person employing more than five persons. . . ." Va. Code § 2.2-3905(A). Whereas Section 2.2-3905.1 defines employer as "any person, **or** agent of such person, employing more than five employees . . . ." Va. Code § 2.2-3905.1(A) (emphasis added).

Indeed, Defendants' argument is inconsistent with the very interpretive principle upon which the *Khan* Court relied. In *Khan*, the Court emphasized that courts must presume "the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Khan*, 928 S.E.2d at 853 (quoting *Jennings v. Commonwealth*, 909 S.E.2d 1 (Va. App. 2024) (*en banc*)). Consistent with that principle, the Court's analysis was grounded in the specific language of Va. Code § 2.2-3905.1. The *Khan* Court did not purport to interpret Va. Code § 2.2-3905, nor did it suggest that materially different statutory language should be treated identically. To the contrary, applying *Khan*'s own reasoning requires this Court to give effect to the legislature's decision to employ different language in § 2.2-3905 than it did in § 2.2-3905.1. Had the General Assembly intended the two provisions to operate identically with respect to individual liability, it could have used identical language. It did not.

The General Assembly did not define the terms "and" or "or" in the statute. Accordingly, courts must presume that the legislature intended those words to carry their ordinary meanings. *Coles* 44 Va.App. 557–58 (2004). "The linguistic default is that 'and' is conjunctive and 'or' is disjunctive. It is only the anomalous cases in which courts transpose these words that require an explanation." *Barr v. Atl. Coast Pipeline, LLC*, 295 Va. 522, 553 (2018) (Kelsey, J., dissenting). The *Khan* Court recognized that the VHRA's use of "or agent" within the definition of "employer" under Section 2.2-3905.1 "signifies the employer cannot evade suit by acting

through its agents." *Khan*, 928 S.E.2d at 955. However, Section 2.2-3905 provides that an employer is "a person employing 15 or more employees . . . **and** any agent of such person." Va. Code § 2.2-3905(A). The plain meaning of the conjunctive language used in this section makes clear that, with respect to Section 2.2-3905, an employer constitutes both the entity that meets the statutory requirements **and** their agents. Therefore, BAE and Hennigan cannot rely upon the decision reached by the *Khan* court to escape individual liability for Hennigan because as an agent of BAE, she is an employer within the meaning of Section 2.2-3905 of the VHRA.

## III. ***Khan* does not affect Plaintiff's independent common law claim against Hennigan.**

Even if *Khan* were construed to limit individual liability under the Virginia Human Rights Act, it provides no basis for dismissing Defendant Hennigan from this action. The issue before the court in *Khan* was limited to whether an individual supervisor could be held liable under the VHRA. Indeed, the Court expressly acknowledged that "agents can be sued individually for certain tortious conduct at common law," but concluded that those principles were inapplicable because *Khan*'s complaint expressly stated that the "case is brought under the [VHRA]." *Khan*, 928 S.E.2d at 855. Thus, the court's analysis was confined to the scope of liability under Va. Code § 2.2-3905.1 and did not address the viability of common law claims against individual defendants. Here, by contrast, Plaintiff has asserted not only a VHRA claim but also a common law claim against Hennigan for tortious interference with a business relationship. Accordingly, *Khan* does not foreclose Plaintiff's claim against Hennigan, nor does it support BAE's contention that Hennigan cannot be held individually liable in this action. At a minimum, *Khan* provides no basis for concluding that Plaintiff lacks a viable cause of action against Hennigan under Virginia common law, and therefore does not support disregarding Hennigan's citizenship for purposes of determining jurisdiction.

**IV. Conclusion**

For the foregoing reasons, *Khan* does not alter the analysis before this Court. The decision in *Khan* involved rights the Court of Appeals expressly characterized as "purely statutory," addressed materially different statutory language, and did not consider the viability of independent common law claims against individual defendants. Accordingly, Defendants' Notice of Supplemental Authority provides no basis to disregard Hennigan's citizenship or otherwise disturb Plaintiff's pending Motion to Remand. Plaintiff respectfully requests that the Court give *Khan* no weight beyond its limited holding and grant Plaintiff's Motion to Remand.

Respectfully submitted,

/s/ Adam Augustine Carter
R. Scott Oswald, VSB# 41770
Adam Augustine Carter, VSB# 32722
J. Benjamin Considine, *pro hac vice* to be filed
The Employment Law Group, PC
1717 K Street NW, Suite 1110
Washington, DC 20006
(202) 856-7802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
bconsidine@employmentlawgroup.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, counsel for Plaintiff served the foregoing via electronic service through the ECF/CMF system, to counsel for Defendants at:

Christine M. Burke,Va. Bar No. 65741
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
cburke@islerdare.com

/s/ Adam Augustine Carter
Adam Augustine Carter